# EXHIBIT A

FILED
5/5/2023 9:50 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH04460
Calendar, 7
22594653

FILED DATE: 5/5/2023 9:50 AM    2023CH04460

**Chancery Division Civil Cover Sheet**
**General Chancery Section**

(12/01/20) CCCH 0623

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

SUSAN THOMAS

Plaintiff

v.

THE GODDESS AND THE BAKER, LLC et al.

Defendant

Case No: **2023CH04460**

## CHANCERY DIVISION CIVIL COVER SHEET
## GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

**Only one (1) case type may be checked with this cover sheet.**

| | | | | | |
|---|---|---|---|---|---|
| 0005 | ☐ | Administrative Review | 0017 | ☐ | Mandamus |
| 0001 | ☐ | Class Action | 0018 | ☐ | Ne Exeat |
| 0002 | ☐ | Declaratory Judgment | 0019 | ☐ | Partition |
| 0004 | ☑ | Injunction | 0020 | ☐ | Quiet Title |
| | | | 0021 | ☐ | Quo Warranto |
| 0007 | ☐ | General Chancery | 0022 | ☐ | Redemption Rights |
| 0010 | ☐ | Accounting | 0023 | ☐ | Reformation of a Contract |
| 0011 | ☐ | Arbitration | 0024 | ☐ | Rescission of a Contract |
| 0012 | ☐ | Certiorari | 0025 | ☐ | Specific Performance |
| 0013 | ☐ | Dissolution of Corporation | 0026 | ☐ | Trust Construction |
| 0014 | ☐ | Dissolution of Partnership | 0050 | ☐ | Internet Take Down Action (Compromising Images) |
| 0015 | ☐ | Equitable Lien | | | |
| 0016 | ☐ | Interpleader | | ☐ | Other (specify) _____ |

⦿ Atty. No.: 62077        ○ Pro Se 99500

Atty Name: Michael B. Cohen, EM3 Law

Atty. for: Plaintiff

Address: 77 W. Wacker Dr., Suite 4500

City: Chicago        State: IL

Zip: 60601

Telephone: (312) 803-0378

Primary Email: mcohen@em3law.com

Pro Se Only: ☐ I have read and agree to the terms of the Clerk's Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

cookcountyclerkofcourt.org

Page 1 of 1

FILED DATE: 5/5/2023 9:50 AM 2023CH04460

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| SUSAN THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2023CH04460 |
| ) | |
| THE GODDESS AND BAKER, LLC; and ) | |
| GODDESS AND THE BAKER ) | |
| MADISON, LLC ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff Susan Thomas, by her attorneys, Edwards Mago Maxon & Macaulay LLP, hereby files her Complaint for compensatory and punitive damages, injunctive relief, pre-judgment interest and attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. § 12181 *et seq.* (the "Americans with Disabilities Act of 1990" or the "ADA"), the Illinois Human Rights Act ("IHRA"), the Illinois Consumer Fraud and Deceptive Business Practices Act (the "ICFA"), and common-law negligence against Defendants The Goddess and the Baker, LLC and The Goddess and the Baker Madison, LLC, and in support thereof states:

### PARTIES

1. Plaintiff Susan Thomas is a citizen and resident of Cook County, Illinois. Plaintiff suffers from what constitutes as "qualified disability" under the Americans with disabilities Act of 1990. Specifically, Plaintiff is allergic to carrots, celery, fruits and peanuts, the consumption of which can cause a severe and potentially fatal anaphylactic reaction in Plaintiff ("Allergy"). Plaintiff's Allergy constitutes a physical impairment that substantially limits a major life activity, eating, and major bodily functions. *See* APPENDIX II FEDERAL REGULATIONS, 2003 WL

1

FILED DATE: 5/5/2023 9:50 AM 2023CH04460

25318126. Plaintiff was denied full and equal access to, and full enjoyment of, Defendants' facilities on the basis of her disability.

2. Defendant The Goddess and Baker, LLC ("Goddess") is an Illinois limited liability company with its principal place of business located at 611 W. Deming Place, Chicago, IL 60614. Upon information and belief, the members of Goddess are Tamar Mizrahi and Eddie Stone, both citizens and residents of Illinois.

3. Defendant Goddess and the Baker Madison, LLC ("Goddess LLC") is an Illinois company with its principal place of business located at 611 W. Deming Place, Chicago, IL 60614. Upon information and belief, the members of Goddess are Tamar Mizrahi and Eddie Stone, both citizens and residents of Illinois.

## JURISDICTION AND VENUE

4. Jurisdiction is vested in this Court pursuant to Article VI, Section 9 of the Illinois Constitution and venue is proper pursuant to 735 ILCS 5/2-101 because the County of Cook is the county of residence of the defendants and is also the county in which the transaction or some part thereof occurred out of which the causes of action alleged herein arise.

## COMMON FACTUAL BACKGROUND

6. On and prior to September 27, 2022, restaurant known as Goddess and the Baker ("Goddess Restaurant") was in operation at 181 West Madison St., Chicago, Illinois.

7. On September 27, 2022, Goddess Restaurant was owned, maintained controlled and operated by Defendants Goddess and Goddess Madison.

8. Alternatively, On September 27, 2022, Goddess Restaurant was owned, maintained controlled and operated by Defendant Goddess.

9. Alternatively, on September 27, 2022, Goddess Restaurant was owned, maintained controlled and operated by Defendant Goddess Madison.

10. On September 27, 2022, Ms. Thomas caused to be ordered from Goddess Restaurant a "Southwest Salad."

11. The menu published by Goddess Restaurant lists the ingredients for its "Southwest Salad" as "romaine, black beans, diced tomatoes, corn, red peppers, chihuahua cheese, tortilla strips, chipotle buttermilk dressing."

12. Goddess Restaurant does not list carrots in its menu as an ingredient in its "Southwest Salad".

13. Ms. Thomas had previously ordered "Southwest Salads" from Goddess Restaurant, and requested and confirmed that it should not contain carrots.

14. While consuming the "Southwest Salad", Ms. Thomas noticed a sliver of carrot to be present therein.

15. Soon thereafter, Ms. Thomas began experiencing a serious allergic reaction.

16. While Ms. Thomas consumed two Benadryl pills in an attempt to abate the anaphylaxis symptoms she was experiencing, her symptoms continued to worsen.

17. Ms. Thomas thereafter gave herself a shot from her epinephrine pen.

18. Ms. Thomas was then admitted to Northwestern Memorial Hospital where she was treated for anaphylaxis.

19. At all times relevant hereto, the Food Handling Regulation Enforcement Act, 410 ILCS 625/0.01 *et seq*. ("FHREA"), was in full force and effect.

20. Upon information and belief, at all times relevant hereto, Goddess Restaurant has failed, and continues to fail, to be in compliance with the requirements of FHREA.

FILED DATE: 5/5/2023 9:50 AM 2023CH04460

### Count I – Violation of the ADA

21. Plaintiff re-alleges the foregoing allegations.

22. On or about July 26, 1990, Congress enacted the ADA. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of the Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

23. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

(iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

(iv) individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

FILED DATE: 5/5/2023 9:50 AM  2023CH04460

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

24. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, Goddess Restaurant is a place of public accommodation in that it is a restaurant serving food and/or drink.

25. Goddess Restaurant has discriminated, and continues to discriminate, against Ms. Thomas, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at Goddess Restaurant in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq., by failing to accommodate her Allergy, as such would be readily achievable by, among other things:

(i) ensuring that menu items contain only those ingredients listed on the menu;

(ii) instituting and following appropriate policies and procedures to prevent allergen cross-contamination; and

(iii) complying with the requirements of FHREA.

26. Ms. Thomas has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Goddess Restaurant. Plaintiff plans to immediately revisit Goddess Restaurant, within one week and frequently thereafter, provided that the ADA violation(s) complained of herein is/are remedied.

5

27. To date, the readily achievable aforementioned violation of the ADA still exists and has not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA. The ADA violation(s) at Goddess Restaurant, as described above, has severely diminished Plaintiff's ability to avail herself of Goddess Restaurant's food-services.

28. Pursuant to the ADA, 42 U.S.C. §12101 et seq., and 28 C.F.R. §36.302, Defendants were required to make reasonable modifications in policies, practices, or procedures so as to make Goddess Restaurant, a place of public accommodation, accessible to persons with disabilities such as Ms. Thomas. Defendants have failed to comply with this mandate.

29. Ms. Thomas has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C. §12205.

30. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant injunctive relief; including an order to modify a policy in order to make Goddess Restaurant readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

WHEREFORE, the Plaintiff, SUSAN THOMAS, respectfully requests that this Court enter the following declaratory and injunctive relief in her favor and against Defendants, THE GODDESS AND BAKER, LLC, and GODDESS AND THE BAKER MADISON, LLC:

    A. that the Court declare that Defendants' operation of Goddess Restaurant is violative of the ADA;

    B. that the Court enter a permanent injunction requiring the Defendants to alter their policies to make Goddess Restaurant accessible to and usable by individuals with allergy-based disabilities to the full extent required by the Title III of the ADA;

6

FILED DATE: 5/5/2023 9:50 AM 2023CH04460

      C.      that the Court award reasonable attorneys' fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff; and

      D.      that the Court award such other and further relief as it deems necessary, just and proper.

### Count II – Violation of the IHRA

31. Plaintiff re-alleges paragraphs 1 through 20 of the foregoing.

32. Pursuant to 775 ILCS 5/5-101, Goddess Restaurant is a place of public accommodation in that it is a restaurant, bar, or other establishment serving food or drink.

33. Plaintiff is disabled within the meaning of 775 ILCS 5/1-102(I).

34. Goddess Restaurant denied and/or refused to Plaintiff the full and equal enjoyment of its facilities, goods, and services, and discriminated against Plaintiff on the basis her disability in violation of the IHRA.

35. Plaintiff filed a charge of discrimination before the Illinois Department of Human Rights on January 25, 2023, and received a right to sue letter entered on March 14, 2023.

36. Pursuant to 735 ILCS 5/2-1303(c), Ms. Thomas is entitled to prejudgment interest at the rate of 6% per annum.

WHEREFORE, the Plaintiff, SUSAN THOMAS, respectfully requests that this Court enter the following injunctive, compensatory and punitive relief in her favor and against Defendants, THE GODDESS AND BAKER, LLC, and GODDESS AND THE BAKER MADISON, LLC:

      A.      that the Court declare that Defendants' operation of Goddess Restaurant is violative of the IHRA;

FILED DATE: 5/5/2023 9:50 AM 2023CH04460

B. that the Court enter a permanent injunction requiring the Defendants to alter their policies to make Goddess Restaurant accessible to and usable by individuals with allergy-based disabilities to the full extent required by the IHRA;

C. that the Court award compensatory damages in an amount to be determined at trial;

D. that the Court award punitive damages in an amount to be determined at trial;

E. that the Court award reasonable attorneys' fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff;

F. that the Court award pre-judgment interest; and

G. that the Court award such other and further relief as it deems necessary, just and proper.

**Count III – Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act**

37. Plaintiff re-alleges paragraphs 1 through 20 of the foregoing.

38. Goddess Restaurant offered for "sale or distribution . . . [an] article, commodity, or thing of value" to Plaintiff. 815 ILCS 505/1(f).

39. The ICFA states:

"Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby."

815 ILCS §505/2.

40. Ms. Thomas is a "person" as defined in ICFA, 815 ILCS §505/1(c).

8

41. Ms. Thomas is a "consumer" as defined in ICFA, 815 ILCS §505/1(e).

42. Goddess Restaurant and Defendants are engaged in "commerce" in the State of Illinois with regard to Ms. Thomas as defined by ICFA, 815 ILCS §505/1(f).

43. "The [ICFA] should be liberally construed to give effect to its purposes." *Hoke v. Beck*, 224 Ill.App.3d 674, 679 (1st Ill. App. 1992). Under the ICFA, "the plaintiff must show: (1) a deceptive act or practice; (2) an intent by the defendant that [s]he rely on the deception; and (3) the deception occurred in the course of conduct involving trade or commerce. The 'intent' required by the statute is only the intent that the plaintiff in the primary action rely on the information that the defendant gave [her], as opposed to any intent on the defendant's part to deceive." *Id.*

44. Goddess Restaurant deceived Ms. Thomas by representing, both through its meu and orally, that: (a) its "Southwest Salad" contains only those ingredients listed in its menu and (b) its "Southwest Salad" does not contain carrots.

45. Further, in representing to Ms. Thomas that its "Southwest Salad' contains only those ingredients listed on its menu and that it does not contain carrots, Goddess Restaurant and its employees knew that they would not take action necessary to ensure that Ms. Thomas would not be served food containing carrots.

46. Goddess Restaurant intended that Plaintiff rely on their deception, false promises and/or misrepresentations in consuming the food served to her.

47. As a legal proximate result of Defendants' actions and/or omissions, Ms. Thomas was caused to suffer physical injuries and conscious pain and suffering.

FILED DATE: 5/5/2023 9:50 AM 2023CH04460

48. An award of punitive damages is appropriate in this case because Defendants' conduct was outrageous, willful and wanton, and contrary to ethical and professional practices, including those required under FHREA.

49. In addition to compensatory and punitive damages, Plaintiff seeks her attorney's fees as allowable under the ICFA, pursuant to 815 ILCS §505/10a(c).

50. Pursuant to 735 ILCS 5/2-1303(c), Ms. Thomas is entitled to prejudgment interest at the rate of 6% per annum.

WHEREFORE, the Plaintiff, SUSAN THOMAS, respectfully requests that this Court enter judgment in her favor and against Defendants, Defendants, THE GODDESS AND BAKER, LLC, and GODDESS AND THE BAKER MADISON, LLC, jointly and severally, for an amount in excess of $30,000, plus punitive damages, pre-judgment interest, reasonable attorneys' fees and costs, and for all such further relief as equity and justice may require and as this Court deems proper.

### Count IV – Negligence

51. Plaintiff re-alleges paragraphs 1 through 20 of the foregoing.

52. On and prior to September 27, 2022, Defendants through its agents, carelessly and negligent did, or failed to do, one or more of the following acts and/or omissions:

    i. failed to ensure that Goddess Restaurant was under the operational supervision of a certified food service sanitation manager in violation of Section 3 of FHREA;

    ii. failed to ensure that all food handlers received and/or obtained American National Standards Institute-accredited training in basic safe food handles

principles within 30 days after employment and every 3 years thereafter, in violation of Section 3.06 of FHREA.

iii. failed to ensure that all certified food service sanitation managers employed by Goddess Restaurant received or obtained qualified training in basic allergen awareness principles within 30 days of employment and every 3 years thereafter in violation of Section 3.07 of FHREA.

iv. failed to display to a notice indicating to consumers that any information regarding food allergies must be communicated to an employee of Goddess Restaurant in violation of Section 3.08 of FHREA;

v. failed to communicate Ms. Thomas' allergy information to Goddess Restaurant's person in charge or the certified food protection manager on duty in violation of Section 3.08 of FHREA;

vi. failed to exercise reasonable care in the preparation and cooking of Ms. Thomas' meal;

vii. failed to ensure that the meals prepared by Goddess Restaurant contain only those allergens listed on its menu;

viii. failed to prevent kitchen cross-contamination;

ix. failed to ensure that Ms. Thomas would not be served foods constituting or containing carrots;

x. failed to warn Ms. Thomas that the meal served to her would contain carrots; and/or

xi. served Ms. Thomas foods containing carrots.

11

FILED DATE: 5/5/2023 9:50 AM 2023CH04460

53. As a legal proximate result of Defendants' negligent actions and/or omissions, Ms. Thomas was caused to suffer physical injuries and conscious pain and suffering.

54. Pursuant to 735 ILCS 5/2-1303(c), Ms. Thomas is entitled to prejudgment interest at the rate of 6% per annum.

WHEREFORE Plaintiff Susan Thomas requests that judgment be entered against THE GODDESS AND BAKER, LLC, and GODDESS AND THE BAKER MADISON, LLC, jointly and severally, in an amount to be determined at trial in excess of $30,000.00, plus pre-judgment interest and the costs of this action.

### Jury Demand

The Plaintiffs demand a trial by jury as to all issues triable to a jury.

    Susan Thomas

    By: /s/ Michael B. Cohen
        *One of her attorneys*

**Michael B. Cohen**
mcohen@em3law.com
**EDWARDS MAXSON MAGO & MACAULAY LLP**
77 West Wacker Drive, Suite 4500
Chicago, IL 60601
(312) 803-0378 (main)
(708) 231-9812 – Fax

12